**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MARIA ORLANI PIERRE TOUSSAINT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:26-CV-00052 |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff is a noncitizen resident of Missouri. On April 15, 2025, she filed Form I-765 seeking employment authorization on the basis of a pending asylum application. As of July 23, 2026, USCIS had not acted upon her request, so she filed this action asking the court to compel the agency to adjudicate it.

On September 16, 2026, the government defendants moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 6.) Defendants also filed a memorandum in support, to which they attached evidence showing Plaintiff's visa request was approved by August 25, 2026. (ECF Nos. 7 and 7-1.) On October 7, 2026, Plaintiff responded, stating that she does not oppose the motion and "agrees that the underlying controversy has been resolved by USCIS's adjudication of her Form I-765 application." (ECF No. 10.)

Defendants' Rule 12(b)(1) motion constitutes a "factual" attack on subject-matter jurisdiction. In ruling upon it, the Court may consider evidence outside the pleadings. *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019). The approval of Plaintiff's employment authorization is an adjudication that moots this action, thereby

depriving this Court of subject-matter jurisdiction. *See Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018); *Ayyoubi v. Holder*, 712 F.3d 387, 391-92 (8th Cir. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

John A. Ross

UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2026.